IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLORIA J. STURDIVANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:05-CV-2228-M |
| | § | |
| TARGET CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Alter or Amend Judgment. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Alter or Amend Judgment.

### I. FACTUAL BACKGROUND

The facts of this case were set forth in the Court's Memorandum Opinion and Order of November 30, 2006, and there is no need to recount them at length here. It suffices to say that on October 25, 2003, Plaintiff Gloria J. Sturdivant visited a Target store where she was injured when she slipped on a puddle of water. Target employees reviewed surveillance video recordings to determine the source of the water. One video recording showed that a child with a sippy cup had been in the area of Sturdivant's incident five minutes earlier. Target prepared a half-minute videotape copy showing Sturdivant's incident. In accordance with its video recycling policy, Target destroyed all of the original video recordings, including the video showing the child with a sippy cup, within 45 days.

### II. LEGAL STANDARD

A party may move to alter or amend a judgment within 10 days of entry of the judgment. FED. R. CIV. P. 59(e). A "motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and

cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quotations omitted).

### III. ANALYSIS

Sturdivant's motion does not present any new evidence or arguments, and it does not point out any manifest error of law or fact. Sturdivant simply reargues her claim of evidence spoliation.

The issue of evidence spoliation is moot. If Sturdivant were to show that Target destroyed the video recordings in bad faith, the finder of fact would be permitted to infer that the destroyed videos were unfavorable to Target. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 203 (5th Cir. 2003). In granting summary judgment to Target, the Court made just such an inference. Specifically, the court presumed that the water that caused Sturdivant's incident spilled out of a child's sippy cup five minutes earlier. Even with this favorable presumption, summary judgment was appropriate for the reasons stated in the Court's earlier opinion. Therefore it does not matter whether Sturdivant could prevail on the spoliation issue, since Target would still be entitled to summary judgment on her premises liability claim.

### IV. FAILURE TO RESPOND TO COURT ORDER

The Court notes Plaintiff's Counsel position that his failure to respond to the Court's request for supplemental briefing was unintentional and that he did not receive the Court's request. The Court notes that Counsel's failure to provide the requested supplemental briefing did not prejudice his client, since the Court considered the sufficiency of the evidence under the Federal Rules, which favored Plaintiff.

- 3 -

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Alter or Amend Judgment is **DENIED** in its entirety.

**SO ORDERED.**

**DATED:** January 9, 2007.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**